UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRENT GRADDY, SR., | No. 2:13-cv-1465 JAM KJN P |
| Plaintiff, | |
| v. | ORDER |
| WILLIAM KNIPP, et al., | |
| Defendants. | |

Plaintiff is a state prisoner and is proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust

account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question,  id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overrruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Named as defendants are Warden Knipp and Chief Medical Officers Smiley and Heatley. Plaintiff alleges that he suffers from seizures, but is housed in an upper bunk.  Plaintiff alleges that he asked defendants Smiley and Heatley for a bottom bunk.  Plaintiff alleges that in response, defendants told him to file a 7362 form and if he did not like the response, he should file an administrative grievance.  Plaintiff alleges that he wrote two 7362 forms but has not been ducated to see a doctor.  Plaintiff alleges that he has fallen off his bunk several times.  Plaintiff seeks injunctive relief and monetary damages.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  The two part test for deliberate indifference requires plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."  Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).

In addition to a serious medical condition, plaintiff must also establish deliberate indifference.  To show deliberate indifference, plaintiff must show "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference."  Id. (citing McGuckin, 974 F.2d at 1060).  "Deliberate indifference is a high legal standard."  Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"  Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)).  "'If a prison official should have been aware of the risk,

3

but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. Cnty. of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

For the following reasons, the undersigned finds that plaintiff has not stated a potentially cognizable Eighth Amendment claim against defendants Smiley and Heatley. Plaintiff alleges that he informed both defendants that he needed a lower bunk because he suffered from seizures. Plaintiff alleges that both defendants instructed him to file administrative requests for a lower bunk. The undersigned cannot find that defendants acted with deliberate indifference by advising plaintiff to follow what appear to be the proper procedures for obtaining a lower bunk. While plaintiff alleges that he did not see a doctor after filing his 7362 forms, he does not allege that either defendant Smiley or Heatley was responsible for his failure to see a doctor in response to filing these forms.

For the reasons discussed above, the claims against defendants Heatley and Smiley are dismissed with leave to amend. If plaintiff files an amended complaint naming defendants Heatley and Smiley, he must link these defendants to his failure to receive a lower bunk.

The complaint contains no specific allegations against defendant Knipp.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy,

1  588 F.2d 740, 743 (9th Cir. 1978).

2  Moreover, supervisory personnel are generally not liable under § 1983 for the actions of
3  their employees under a theory of respondeat superior and, therefore, when a named defendant
4  holds a supervisorial position, the causal link between him and the claimed constitutional
5  violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979)
6  (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d
7  438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert.
8  denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of
9  official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673
10 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal
11 participation is insufficient).

12  Because plaintiff has failed to link defendant Knipp to the alleged deprivations, the claims
13 against this defendant are dismissed with leave to amend. If plaintiff files an amended complaint,
14 he must specifically allege how defendant Knipp violated his constitutional rights.

15  If plaintiff files an amended complaint, plaintiff is informed that the court cannot refer to a
16 prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires
17 that an amended complaint be complete in itself without reference to any prior pleading. This
18 requirement exists because, as a general rule, an amended complaint supersedes the original
19 complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended
20 complaint, the original pleading no longer serves any function in the case. Therefore, in an
21 amended complaint, as in an original complaint, each claim and the involvement of each
22 defendant must be sufficiently alleged.

23  In accordance with the above, IT IS HEREBY ORDERED that:

24  1. Plaintiff's request for leave to proceed in forma pauperis is granted.

25  2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff
26 is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
27 § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the
28 Director of the California Department of Corrections and Rehabilitation filed concurrently

herewith.

    3. Plaintiff's complaint is dismissed.

    4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

        a. The completed Notice of Amendment; and

        b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: November 4, 2013

gr1465.14

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRENT GRADDY, SR., | No. 2: 13-cv-1465 JAM KJN P |
| Plaintiff, | |
| v. | NOTICE OF AMENDMENT |
| WILLIAM KNIPP, et al, | |
| Defendants. | |

    Plaintiff hereby submits the following document in compliance with the court's order filed_____.

_____      Amended Complaint

DATED:

_____

Plaintiff